# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV08-08454 AHM (RCx) | Date | July 5, 2011 |
| Title | BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA PLASTERING INSTITUTE v. MCKINNEY DRYWALL, INC. | | |

| | |
|---|---|
| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

      On May 25, 2011, the Court issued an order to defendant McKinney Drywall, Inc. ("Defendant") to show cause why it should not be held in civil contempt for failure to comply with the Court's April 1, 2010 judgment ("Judgment"). The order to show cause informed Defendant that if it objected to being held in civil contempt, it shall file a legal memorandum setting forth its objections by not later than June 3, 2011. Defendant failed to file any response to the Court's order.

      Accordingly, on June 8, 2011, the Court ordered that Defendant be held in civil contempt. The Court directed Plaintiff Board of Trustees of the Southern California Plastering Institute ("Plaintiff") to file a proposed order "reflecting the narrow and specific terms necessary for a contempt order." On June 22, 2011, Plaintiff filed a proposed order and then, on the same day, a revised proposed order.

      In the revised proposed order, Plaintiff recites the necessary elements that must be established by clear and convincing evidence before the Court may hold a party in contempt. Notably, "a civil contempt order may be upheld only if the proof of the defendant's contempt is clear and convincing. This clear and convincing proof must . . . demonstrate that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator *had the ability to comply with the order.*" *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1047 (11th Cir. 2001) (internal quotation marks and citations omitted) (emphasis added).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-08454 AHM (RCx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA PLASTERING INSTITUTE v. MCKINNEY DRYWALL, INC. | | |

  Contrary to this clear standard, Plaintiff's proposed order contains no findings of fact regarding Defendant's *ability* to comply with the Court's order. Instead, Plaintiff merely recites that Defendant has *failed* to comply with the Court's order. Accordingly, the Court has no basis to know whether Defendant has the resources to comply with the Judgment in the first instance.

  The Court cannot sign an order holding Defendant in contempt under these circumstances. The Court has already entered a Judgment ordering Defendant to pay Plaintiff. Given that a corporation cannot be imprisoned, what more can the Court do? If Defendant is unable to comply with its obligations under the Judgment, an additional order of contempt would do nothing to change the status quo.

                         : 

                Initials of Preparer      SMO